David H. Botter
Thomas S. Kessler
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999

*Counsel to the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| Mega Newco Limited,[1] | Case No. 24-12031 (MEW) |
| Debtor in a Foreign Proceeding | |

**NOTICE OF HEARING ON**
**SUPPLEMENTAL MOTION TO THE VERIFIED PETITION FOR**
**ENTRY OF ORDER EXTENDING AUTOMATIC STAY TO NON-DEBTOR PARENT**

      **PLEASE TAKE NOTICE** that on November 25, 2024, the foreign representative and its affiliated debtor in this Chapter 15 Case ("Mega" or the "Debtor") filed the *Verified Petition for (i) Recognition of Foreign Proceeding, (ii) Recognition of Foreign Representative, (iii) Recognition of Sanction Order and Related Scheme and (iv) Related Relief under Chapter 15 of The Bankruptcy Code* (the "Verified Petition") (ECF No. 2) in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") with respect to the Debtor.

      **PLEASE TAKE FURTHER NOTICE** that on January 24, 2025, the Debtor filed the *Supplemental Motion to the Verified Petition for Entry of Order Extending Automatic Stay to Non-Debtor Parent* (the "Supplemental Motion"). A hearing (the "Hearing") on the Supplemental Motion will be held before the Honorable Judge Michael E. Wiles United States Bankruptcy Judge, One Bowling Green, New York, New York 10004-1408. Procedures and (III) Granting Related Relief (ECF No. 498) (the "Claims Procedures Order"). The Hearing will commence on **February 7, 2025**, at 11:00 A.M. (Prevailing Eastern Time), and will be conducted through zoom for government.

      **PLEASE TAKE FURTHER NOTICE** that parties wishing to register for the Hearing should use the eCourt Appearances link on the Court's website: https://www.nysb.uscourts.gov/ecourt-appearances. After the deadline to make appearances

---

[1]     The last four identifying digits of the registered number are 6024 and with registered address at Suite 1, 7th Floor 50 Broadway London SW1H 0DB, United Kingdom.

passes, the Court will circulate by email, prior to the Hearing, the Zoom links to those persons who made eCourt Appearances, using the email addresses submitted with those appearances.

**PLEASE TAKE FURTHER NOTICE** that copies of the Supplemental Motion and all accompanying documentation are available to parties in interest on the Bankruptcy Court's Electronic Case Filing System, which can be accessed from the Bankruptcy Court's website at http://www.nysb.uscourts.gov (a PACER login and password are required to retrieve a document) or upon written request to the Petitioner's counsel (including by facsimile or electronic mail) addressed to:

> **Cleary Gottlieb Steen & Hamilton LLP**
> One Liberty Plaza
> New York, New York 10006-1470
> Tel: (212) 225-2000
> Fax: (212) 225-3999
> Attn:  David H. Botter
>        Thomas S. Kessler
>        (dbotter@cgsh.com)
>        (tkessler@cgsh.com)

**PLEASE TAKE FURTHER NOTICE** that any party in interest wishing to submit a response or objection to the Supplemental Motion or the relief requested therein that was not previously sought by the Verified Petition must do so in writing and in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules for the United States Bankruptcy Court for the Southern District of New York, setting forth the basis therefor, which response or objection must be filed electronically with the Court on the Court's electronic case filing system in accordance with and except as provided in General Order M-399 and the Court's Procedures for the Filing, Signing and Verification of Documents by Electronic Means (copies of each of which may be viewed on the Court's website at www.nysb.uscourts.gov). A hard copy of any response or objection shall be sent to the Chambers of the Honorable Judge Michael E. Wiles United States Bankruptcy Judge, One Bowling Green, New York, New York 10004-1408 and served upon (i) Cleary Gottlieb Steen & Hamilton LLP (Attn:  Thomas S. Kessler), counsel to the Petitioner, and (ii) Latham & Watkins LLP, 1271 Avenue of the Americas, New York, New York 10020 (Attn: Adam Goldberg, Jon Weichselbaum), counsel to the Ad Hoc Group, so as to be **received by no later than 4:00 p.m. (prevailing New York time) on January 31, 2025 (the "Objection Deadline")**.

**PLEASE TAKE FURTHER NOTICE** that all parties in interest opposed to the Supplemental Motion or the request for relief contained therein must appear at the Hearing at the time and place set forth above.

**PLEASE TAKE FURTHER NOTICE** that if no response or objection is timely filed and served as provided above, the Court may grant the relief requested in the Supplemental Motion without further notice.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be adjourned from time to time without further notice other than an announcement in open court, or a notice of adjournment

filed with the Court, of the adjourned date or dates at the hearing or any other further adjourned hearing.

Dated: January 24, 2025
      New York, New York

                CLEARY GOTTLIEB STEEN & HAMILTON LLP

                By: */s/ David H. Botter*
                    David H. Botter
                    Thomas S. Kessler
                    One Liberty Plaza
                    New York, New York 10006
                    T: 212-225-2000
                    F: 212-225-3999
                    (dbotter@cgsh.com)
                    (tkessler@cgsh.com)

                    *Attorneys for the Foreign Representative*
                    *of Mega Newco Limited*

David H. Botter
Thomas S. Kessler
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999

*Counsel to the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Mega Newco Limited,[2]<br><br>    Debtor in a Foreign Proceeding | Chapter 15<br><br>Case No. 24-12031 (MEW) |

**SUPPLEMENTAL MOTION TO THE VERIFIED PETITION FOR**
**ENTRY OF ORDER EXTENDING AUTOMATIC STAY TO NON-DEBTOR PARENT**

---

[2]      The last four identifying digits of the registered number are 6024 and with registered address at Suite 1, 7th Floor 50 Broadway London SW1H 0DB, United Kingdom.

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...................................................................................................1

JURISDICTION AND VENUE ..................................................................................................3

BACKGROUND .........................................................................................................................3

      I.       General Corporate Background .....................................................................3

      II.     English Scheme Proceeding...........................................................................5

      III.    Chapter 15 Case ............................................................................................6

RELIEF REQUESTED.................................................................................................................6

ARGUMENT ...............................................................................................................................7

      I.       This Court Should Extend the Section 362(a) Stay to the Parent ...........................7

             *a.*      *Extension of the Section 362(a) Stay to Non-Debtors is Available under Sections 1520, 362(a) and 105(a) of the Bankruptcy Code* ...............7

             *b.*      *The Stay Should Be Extended to Actions Against the Parent Concerning the Existing Notes*...................................................................9

RESERVATION OF RIGHTS ...................................................................................................12

NOTICE......................................................................................................................................12

NO PRIOR REQUEST ..............................................................................................................12

CONCLUSION...........................................................................................................................13

## <u>TABLE OF AUTHORITIES</u>

<b><u>Page(s)</u></b>

### <u>Cases</u>

*CT Inv. Mgmt. Co., LLC v. Carbonell*,
2012 WL 92359 (S.D.N.Y. Jan. 11, 2012) ........................................................................ 9

*Hawaii Structural Ironworkers Pension Tr. Fund v. Calpine Corp.*,
2006 WL 3755175 (S.D.N.Y. Dec. 20, 2006) .................................................................. 8

*In re AP Indus., Inc.*,
117 B.R. 789 (Bankr. S.D.N.Y. 1990) .............................................................................. 11

*In re Calpine Corp.*,
365 B.R. 401 (S.D.N.Y. 2007) .......................................................................................... 9

*In re Durr Mech. Constr., Inc.*,
604 B.R. 131 (Bankr. S.D.N.Y. 2019) .............................................................................. 7

*In re Fairfield Sentry Ltd.*,
440 B.R. 60 (Bankr. S.D.N.Y. 2010) ................................................................................ 9

*In re Gucci*,
126 F.3d 380 (2d Cir. 1997) .............................................................................................. 8

*In re Keene Corp.*,
164 B.R. 844 (Bankr. S.D.N.Y. 1994) .............................................................................. 11

*In re Ladieu*,
2011 WL 748566 (Bankr. D. Vt. Feb. 24, 2011) .............................................................. 10

*In re Lomas Fin. Corp.*,
117 B.R. 64 (S.D.N.Y. 1990) ............................................................................................ 12

*In re Nortel Networks Corp.*,
2013 WL 6053845 (D. Del. Nov. 15, 2013) ..................................................................... 9

*In re United Health Care Org.*,
210 B.R. 228 (S.D.N.Y. 1997) .......................................................................................... 9

*In re Wythe Berry Fee Owner LLC*,
662 B.R. 36 (Bankr. S.D.N.Y. 2024) ................................................................................ 11

*Marcelino v. Mon Cher 57 Inc.*,
2019 WL 2480402 (S.D.N.Y. June 14, 2019) ....................................................................... 8

*McCartney v. Integra Nat'l Bank N.*,
106 F.3d 506 (3d Cir. 1997) ................................................................................................... 10

*Queenie v. Nygard Int'l*,
321 F.3d 282 (2d Cir. 2003) ................................................................................................... 8

*Robert Plan Corp. v. Liberty Mut. Ins. Co.*,
2010 WL 1193151 (E.D.N.Y. Mar. 23, 2010) ....................................................................... 10

*Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
443 B.R. 295 (Bankr. S.D.N.Y.2011) ................................................................................. 8, 11

*Wilmington Tr., Nat'l Ass'n as Tr. for Benefit of Reg. Holders*
*of UBS Com. Mortg. Tr. 2019-C17, Com. Mortg. Pass-Through*
*Certificates Series 2019-C17 v. 36th St. Prop. Inc.*,
2022 WL 2063875 (S.D.N.Y. June 8, 2022) ....................................................................... 9, 12

## Rules and Statutes

11 U.S.C.§ 1520 ......................................................................................................................... 7

11 U.S.C. § 1521(a) .................................................................................................................... 7

11 U.S.C. § 362(a)(1) .................................................................................................................. 7

Mr. Ignacio Javier Gonzalez Delgadillo (the "<u>Petitioner</u>" or the "<u>Foreign Representative</u>") by and through the undersigned counsel respectfully submits this *Supplemental Motion to the Verified Petition for an Order Extending the Section 362(a) Stay to Non-Debtor Parent* (the "<u>Supplemental Motion</u>")[1] seeking entry of an order (i) granting recognition of the English Scheme Proceeding as a "foreign main proceeding" of the Debtor, (ii) finding that the Foreign Representative is the duly appointed "foreign representative" of the Debtor within the meaning of section 101(24) of the Bankruptcy Code and that the Foreign Representative is authorized to act on behalf of the Debtor for purposes of the Chapter 15 Case, (iii) entrusting the Foreign Representative with the power to administer, realize, and distribute all assets of the Debtor within the territorial jurisdiction of the United States, and (iv) extending the automatic stay to Mega, Operadora De Servicios Mega, S.A. De C.V., Sofom, E.R. (the "<u>Parent</u>") with respect to any liability arising directly or indirectly out of or in relation to the Existing Notes (as defined herein), in substantially the form annexed hereto as **<u>Exhibit 1</u>** (the "<u>Proposed Order</u>").

<u>**PRELIMINARY STATEMENT**</u>

1.      At its core, the English Scheme Proceeding underlying this Chapter 15 Case has a central goal:  effectuate the exchange of the Existing Notes issued by the Parent and guaranteed by Mega.  That exchange is an integral part of a broader restructuring designed to revitalize the capital structure of the overall Group.  As a result, any action by an Existing Noteholder to enforce their rights under the Existing Notes would necessarily run contrary to the Debtor's ongoing restructuring and is likely to imperil its chances for success.  Even if such an action were ultimately

---

[1]      Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the *Verified Petition for (I) Recognition of Foreign Proceeding, (II) Recognition of Foreign Representative, (III) Recognition of Sanction Order and Related Scheme and (IV) Related Relief Under Chapter 15 of the Bankruptcy Code*, ECF No. 2, (the "<u>Verified Petition</u>").  This Supplemental Motion should be considered in connection with the relief requested and basis for relief set out in the Verified Petition.

unsuccessful, its very existence would divert the attention of the Parent's officers and employees whose focus is currently where it squarely belongs—on the ongoing restructuring that this Chapter 15 Case supports.

2.      The risk of this sort of enforcement litigation is no longer a far-flung hypothetical. As explained below, due to the pendency of certain governmental licensure applications that are necessary to implement the overall restructuring, it is likely that the Sanction Hearing will not occur until after the Existing Notes mature (less than a month from now).  On that date, holders of Existing Notes may take the position that they are legally entitled to assert enforcement actions and exercise remedies against the Parent.[2]  Thus, the risk of litigation is increasingly real and may arrive prior to this Court's enforcement of the Sanction Order.

3.      Although, pursuant to section 1520 of the Bankruptcy Code, this Court's recognition of the English Scheme Proceeding will result in the imposition of a stay of any such actions in the United States as against Mega, that stay will not automatically extend to the non-debtor Parent.  By this Supplemental Motion, the Debtor seeks to extend the stay provided for by sections 1520 and 362 of the Bankruptcy Code to the Parent, solely in respect of actions seeking to enforce rights and exercise remedies under the Existing Notes against the Parent.  As discussed herein, given the unity of interest as between Mega and the Parent in respect of the Existing Notes, and the pending efforts to restructure such Notes, the extension of the stay to the Parent is necessary and critical to ensure the goals of the English Scheme Proceeding are not thwarted by piecemeal litigation that, at best, could only benefit a handful of litigious parties at the expense of Mega's broader creditor base.  Such relief is well within the sound discretion of the Court, amply supported

---

[2]      For the avoidance of doubt, Mega and the Parent reserve all rights and defenses in respect of any such attempt to enforce any rights or remedies allegedly available to holders of the Existing Notes.

by case law, and fully aligned with the broader goals of Chapter 15 and the Bankruptcy Code more generally.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 1501 as well as the Amended Standing Order of Reference, *In re Standing Order of Reference Re: Title 11*, No. 12 Misc. 00032 (S.D.N.Y. Feb. 2, 2012) (Preska, C.J.) (the "Amended Standing Order").

5.      This Chapter 15 Case has been properly commenced in accordance with sections 1504, 1509(a), and 1515 of the Bankruptcy Code by the filing of the *Verified Petition for (i) Recognition of Foreign Proceeding, (ii) Recognition of Foreign Representative, (iii) Recognition of Sanction Order and Related Scheme and (iv) Related Relief under Chapter 15 of the Bankruptcy Code* (the "Verified Petition") (ECF No. 2) seeking recognition of the English Scheme Proceeding as a foreign main proceeding.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1410 as the Debtor's only U.S. assets are located within New York County and thus within this District.  The Debtor is also party to the Existing Notes Indenture, which is governed by New York law.  The statutory bases for relief are sections 105(a), 362(a), 1507, 1509(b)(2), 1520, 1521(a), and 1522 of the Bankruptcy Code.

## BACKGROUND

### I.      General Corporate Background

7.      Mega Newco Limited ("Mega" or the "Debtor") is a private company incorporated in England and Wales and is a direct subsidiary of the Parent (together with the Parent and the other subsidiaries of the Parent, the "Group").  Mega has no substantial operations of its own.

8.      The Group is a leading Mexican regulated multiple purpose financial provider, based in Guadalajara, Jalisco, with more than 20 years of operating experience.  It specializes in four main business lines:  leases, lending, auto loans, and factoring.  In addition to its headquarters located in Guadalajara, the Group has other branches throughout Mexico, located in Mexico City, Puebla, Querétaro, and Leon, and one additional office located in San Diego, California.

9.      The Parent and Mega are liable in respect of certain notes with an interest rate of 8.250%, due February 11, 2025 (the "Existing Notes Maturity Date"), issued by the Parent pursuant to an indenture dated 11 February 2020 (as supplemented, the "Existing Notes Indenture"), between amongst others, the Parent and Wilmington Trust, National Association in its capacity as trustee under the Existing Notes Indenture (the "Existing Notes" as amended or supplemented from time to time).  The Existing Notes are governed by New York law.  The Existing Notes Indenture also requires that any legal action concerning the Existing Notes be commenced in the courts of New York, in the borough of Manhattan.

10.     Mega was incorporated on September 30, 2024 in preparation for proposing the Scheme.  On October 31, 2024, Mega executed a deed poll (the "Deed Poll") and on November 1, 2024, the second supplemental indenture (the "Second Supplemental Indenture") to the Indenture, pursuant to which (i) it agreed to be bound by all the terms and conditions of the Existing Notes as if it were an original party thereto and (ii) it acknowledged that it will be jointly and severally liable with the Parent for all obligations and liabilities under the Existing Notes.  Following execution of the Deed Poll and the Second Supplemental Indenture, all creditors under the Existing Notes (the "Scheme Creditors") have the right to claim against Mega in respect of any obligations under the Existing Notes.  *See* Verified Petition ¶ 11.

11.    Further, Mega and the Parent entered into a deed of contribution on October 31, 2024 (the "Deed of Contribution"), pursuant to which Mega has irrevocably and unconditionally agreed to pay to the Parent, by way of contribution, an amount that is equal to Mega's share of the amount of any payment made by the Parent in respect of any obligation under the Existing Notes. *See* Verified Petition ¶ 12.  Following execution of the Deed of Contribution, the Parent has a right of contribution against Mega in respect of payments made by it under the Existing Notes.[3]

## II.    English Scheme Proceeding

12.    Mega filed the CPR Part 8 Claim Form to commence the scheme of arrangement proceeding (the "English Scheme Proceeding") in the High Court Of Justice Business And Property Courts Of England And Wales (the "English Court") pursuant to Part 26 of the Companies Act 2006, as modified (the "Companies Act") on November 14, 2024.  A hearing (the "Convening Hearing") occurred on November 21, 2024, pursuant to which an order of the English Court was issued convening a meeting (the "Scheme Meeting") of the Scheme Creditors for the purpose of considering and, if thought fit, approving the Scheme.

13.    The Scheme Meeting – at which Scheme Creditors vote whether or not to approve the Scheme was originally scheduled for December 11, 2024.  However, due to certain sanction regulations, to proceed with the Scheme Meeting, and voting on the Scheme, the Parent must obtain a license from the U.S. Office of Foreign Asset Control (such license the "OFAC License").  Although it was submitted on September 30, 2024, the application for an OFAC License has not yet been approved.  As a result, the Scheme Meeting was adjourned until the OFAC License has been obtained.  As detailed in the Verified Petition, the court hearing to sanction the Scheme (the "Sanction Hearing") – at which Scheme Creditors are able to raise issues regarding the Scheme,

---

[3]    *See* the Verified Petition for further details on the case background and restructuring process.

including the jurisdiction of the English Court – was originally scheduled for December 13, 2024. However, as a result of the adjournment of the Scheme Meeting (which necessarily must take place before the Sanction Hearing can take place) the Sanction Hearing was also postponed. The Scheme Meeting is now tentatively scheduled for February 3, 2025, and the Sanction Hearing has been tentatively scheduled for February 5, 2025. If the OFAC License is not received in advance of these dates, the Scheme Meeting and Sanction Hearing will need to be adjourned again. As a result and based on the anticipated steps needed to implement the restructuring contemplated by the English Scheme Proceeding following the Sanction Hearing, the Group does not anticipate the restructuring will close prior to the maturity date of the Existing Notes.

### III.    Chapter 15 Case

14.    On November 25, 2024, the foreign representative and the Debtor filed the Verified Petition in this Court.

15.    Pursuant to the *Notice of Adjournment of Hearing,* ECF No. 14, filed on January 24, 2025, the hearing on the recognition of the English Scheme Proceeding as set out in the Verified Petition will be held on February 7, 2025.

### RELIEF REQUESTED

16.    By this Supplemental Motion, pursuant to sections 105(a), 362(a), 1507, 1509(b)(2), 1520, 1521(a), and 1522 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 7065 of the Federal Rules of Bankruptcy Procedure, the Foreign Representative requests that this Court, enter an order (i) granting recognition of the English Scheme Proceeding as a "foreign main proceeding" of the Debtor, (ii) finding that the Foreign Representative is the duly appointed "foreign representative" of the Debtor within the meaning of section 101(24) of the Bankruptcy Code and that the Foreign Representative is authorized to act on behalf of the Debtor for purposes of the Chapter 15 Case, (iii) entrusting the Foreign Representative with the power to

administer, realize, and distribute all assets of the Debtor within the territorial jurisdiction of the United States[4], and (iv) extending Section 362(a) stay to the Parent with respect to any liability arising directly or indirectly out of or in relation to the Existing Notes.

## **ARGUMENT**

### I.   **This Court Should Extend the Section 362(a) Stay to the Parent**

> *a.   Extension of the Section 362(a) Stay to Non-Debtors is Available under Sections 1520, 362(a) and 105(a) of the Bankruptcy Code*

17.    Under Section 1520 of the Bankruptcy Code, upon recognition of a foreign proceeding as a "foreign main proceeding," the stay embodied in Section 362(a) of the Bankruptcy Code "appl[ies] with respect to the debtor and the property of the debtor that is within the territorial jurisdiction of the United States." 11 U.S.C.§ 1520.  Further, once recognition is granted (whether main or non-main), "the court may, at the request of the foreign representative, grant any appropriate relief, including— [] granting any additional relief that may be available to a trustee, except for relief available under sections 522, 544, 545, 547, 548, 550, and 724(a)." 11 U.S.C. § 1521(a).

18.    In turn, Section 362(a)(1) of the Bankruptcy Code stays "the commencement or continuation [] of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under [the Bankruptcy Code], or to recover a claim against the debtor that arose before the commencement of the case under [the Bankruptcy Code]." 11 U.S.C. § 362(a)(1).  Although the scope of section 362(a)(1) is broad, by its terms, the automatic stay applies only to actions or the recovery of claims against "the debtor." *See, e.g.*, *In re Durr Mech. Constr., Inc.,* 604 B.R. 131, 136 (Bankr. S.D.N.Y. 2019).

---

[4]    The basis for relief for (i)-(iii) of the relief requested can be found in the Verified Petition ¶¶ 59–82.

19.    Although Section 362(a)(1) of the Bankruptcy Code only expressly refers to staying actions against debtors, the Court of Appeals for the Second Circuit has long held that "an action taken against a nondebtor which would inevitably have an adverse impact upon the property of the [debtor's] estate must be barred by the automatic stay provision." *In re Gucci*, 126 F.3d 380, 392 (2d Cir. 1997) (citing *In re 48th St. Steakhouse, Inc.*, 835 F.2d 427, 431 (2d Cir.1987)).  Courts have also extended the scope of the Section 362(a) stay to protect non-debtors under section 105(a) of the Bankruptcy Code, which provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." *See, e.g., Marcelino v. Mon Cher 57 Inc*., No. 18-CV-11148 (PAE) (JLC), 2019 WL 2480402 (S.D.N.Y. June 14, 2019) (internal citations omitted); *Hawaii Structural Ironworkers Pension Tr. Fund v. Calpine Corp.*, No. 06 CIV. 5358 (PKC), 2006 WL 3755175 (S.D.N.Y. Dec. 20, 2006). Courts in this district have found that extending the stay to non-debtors requires "unusual circumstances" which Courts have found include, relevantly "a claim to establish an obligation as to which the debtor is a guarantor" and actions where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *Queenie v. Nygard Int'l*, 321 F.3d 282, 287–88 (2d Cir. 2003) (internal citations omitted); *see also Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 443 B.R. 295, 316–17 (Bankr. S.D.N.Y.2011) (extending stay to actions against family members of company's principal on grounds that the litigation involved property of the estate and that litigating the their-party actions would be a distraction to reorganization efforts).

20.    This framework recognizes that the Section 362(a) stay may be extended to non-debtors when an immediate adverse economic consequence will occur if the stay is not

extended. *See Wilmington Tr., Nat'l Ass'n as Tr. for Benefit of Reg. Holders of UBS Com. Mortg. Tr. 2019-C17, Com. Mortg. Pass-Through Certificates Series 2019-C17 v. 36th St. Prop. Inc.*, No. 22 Civ. 302 (LGS), 2022 WL 2063875, at *2 (S.D.N.Y. June 8, 2022) (extending the section 362(a) stay due to the immediate adverse economic consequence of having litigation against guarantors of a significant amount of the debtors' liabilities); *In re Calpine Corp.*, 365 B.R. 401, 409 n. 20 (S.D.N.Y. 2007) (extending stay to non-debtor parties on grounds that claims against non-debtors would have immediate adverse economic consequence for debtor's estate); *In re United Health Care Org.*, 210 B.R. 228, 232 (S.D.N.Y. 1997) (staying actions against two non-debtor defendants where debtor corporation's successful reorganization was contingent upon contribution of defendants' personal assets and efforts).

21.     This same framework applies to requests to extend the section 362(a) stay in Chapter 15 cases. *See In re Fairfield Sentry Ltd.*, 440 B.R. 60 (Bankr. S.D.N.Y. 2010) (granting relief under section 1521 to stay a derivative action not stayed under section 362 against the debtors); *In re Nortel Networks Corp.*, C.A. No. 10–314–LPS, 2013 WL 6053845 (D. Del. Nov. 15, 2013) (affirming a bankruptcy court ruling staying proceedings against non-debtor directors and officers); *CT Inv. Mgmt. Co., LLC v. Carbonell*, No. 10 Civ. 6872, 2012 WL 92359 (S.D.N.Y. Jan. 11, 2012) (staying the current suit pending the conclusion of a Mexican bankruptcy proceeding).

       *b.*     *The Stay Should Be Extended to Actions Against the Parent Concerning the Existing Notes*

22.     As explained above, the obligations of the Parent under the Existing Notes are inextricably intertwined with Mega and the English Scheme Proceeding.

23.     First, Mega guarantees the Existing Notes (meaning its fate is tied to the Parent's in respect of any collection action) and, as a result of the Deed of Contribution, is exposed to an

independent contribution claim from the Parent in respect of any liability that could flow from an action to collect on the Existing Notes. *See supra* ¶¶ 9-10; Verified Petition ¶ 12. And, given the delay caused by the governmental licensure process, it is extremely unlikely that the restructuring, including the exchange of the Existing Notes, will be completed by the Existing Notes Maturity Date. *See supra* ¶ 13. That timing substantially increases the potential for action by holders of Existing Notes against the Parent, which in turn would give rise to claims against Mega. The risk of this direct economic impact is precisely the type of harm that courts recognize warrant extending the section 362(a) stay to non-debtors. *See Robert Plan Corp. v. Liberty Mut. Ins. Co*., No. 09–CV–1930 (JS), 2010 WL 1193151, at *3 (E.D.N.Y. Mar. 23, 2010) (enjoining action against non-debtors to which the debtors owed indemnification obligations due to the adverse economic consequence to the debtor); *McCartney v. Integra Nat'l Bank N.*, 106 F.3d 506 (3d Cir. 1997) (extending the stay to protect impact upon debtor-guarantor's estate from deficiency judgment recovery against non-debtor primary obligor); *In re Ladieu*, Bank. No. 07–10868, 2011 WL 748566, at *19 (Bankr. D. Vt. Feb. 24, 2011) (relying on Second Circuit standard examples holding that claims will have "immediate adverse economic consequences" in order to extend the stay to non-debtor where the debtor is the guarantor).

24.    Second, more fundamentally, the central purpose of the English Scheme Proceeding is to extinguish all liability due and owing under the Existing Notes in favor of the consideration provided for by the Implementation Deed. *See* Verified Petition ¶ 31. If holders of the Existing Notes were permitted to collect on the Existing Notes outside of the English Scheme Proceeding, the entire purpose of the Scheme would be thwarted. Further, that sort of "race to the courthouse," which would allow individual holders to recover ahead of their similarly situated creditors in contravention of the priority scheme envisioned by English Law, is precisely what the

-10-

stay provisions of the Bankruptcy Code are intended to prevent. *See Madoff Inv. Sec*. LLC, 443 B.R. at 311 ("The automatic stay is one of the most fundamental bankruptcy protections and applies broadly to…prevent creditors from 'obtain[ing] payment of the[ir] claims in preference to and to the detriment of other creditors.") (internal citations omitted); *In re Keene Corp*., 164 B.R. 844, 849 (Bankr. S.D.N.Y. 1994) ("The automatic stay thus prevents a multijurisdictional rush to judgment whose organizing principle could only be first-come-first-served, and protects the interests of all creditors by treating like-situated claimants equally.") (internal citation omitted); *In re AP Indus., Inc*., 117 B.R. 789, 799 (Bankr. S.D.N.Y. 1990) ("The automatic stay also provides creditor protection. Without it, certain creditors would not be able to pursue their own remedies against the debtor's property. Those who acted first would obtain payment of the claims in preference to and to the detriment of other creditors...."); *In re Wythe Berry Fee Owner LLC*, 662 B.R. 36, 45 (Bankr. S.D.N.Y. 2024) ("[Th]e automatic stay is meant to prevent creditors from racing to the courthouse to the detriment of other creditors") (quoting *St. Paul Fire & Marine Ins. Co. v. Labuzan*, 579 F.3d 533, 540 (5th Cir. 2009)). For that same reason, there is no basis to suggest that extension of the stay would prejudice Existing Noteholders. To the contrary, an extension will preserve the status quo and prevent opportunistic, litigation-minded note holders from attempting to recover more on account of the Existing Notes than the English Scheme Proceeding provides (and which outsized recovery would harm the broader creditor base).

25.    Finally, even if litigation against the Parent in respect of the Existing Notes were not ultimately successful, the mere pendency of such an action would be injurious to the Group's overall restructuring. As explained in the Verified Petition and its supporting materials, Mega's English Scheme Proceeding is being overseen by officers and employees of the Parent, whose attention is rightly focused on the comprehensive restructuring that is needed to ensure the Group's

continued economic viability.  *See* Verified Petition ¶¶ 19, 20–23.  It would serve no purpose to require those same individuals to divert their focus away from the value-maximizing transactions currently underway to address ad hoc litigation that, by its nature, detracts value from Mega, the Group and its creditors.  And, as many courts have recognized, the risk of such distraction supports extension of the section 362(a) stay.  *See Wilmington*, 2022 WL 2063875, at *1 (granting an extension of the stay to litigation against non-debtors because the debtor would have to divert significant resources in response to the litigation and threaten a debtor's reorganization efforts); *In re Lomas Fin. Corp.*, 117 B.R. 64, 67 (S.D.N.Y. 1990) (stay of litigation against non-debtors proper where reorganization efforts would be prevented by distraction of key personnel who were targets of litigation).

## RESERVATION OF RIGHTS

26.    The Foreign Representative hereby reserves their right to supplement this Supplemental Motion with additional or supplemental pleadings prior to the hearing on the Supplemental Motion.

## NOTICE

27.    Notice of the Supplemental Motion has been provided to the parties (the "Notice Parties") set forth in Exhibit I annexed to the Verified Petition and in accordance with the *Order Scheduling Hearing and Specifying Form and Manner of Service and Notice*, ECF No. 7.  The Foreign Representative respectfully submits that no other or further notice need be provided.

## NO PRIOR REQUEST

28.    No previous request for the relief sought herein has been made to this Court or any other court.

## **CONCLUSION**

29.     WHEREFORE, the Foreign Representative respectfully requests entry of the

Proposed Order (attached hereto as **Exhibit 1** in clean and blackline against the proposed order

filed at ECF No. 2 in conjunction with the Verified Petition), granting the extension of the section

362(a) stay to the Parent with respect to any liability arising directly or indirectly out of or in

relation to the Existing Notes and part of the relief sought by the Verified Petition, and such other

and further relief as the Court may deem just and appropriate.


*[Remainder of page intentionally left blank.]*

Dated: January 24, 2025
          New York, New York

                                        CLEARY GOTTLIEB STEEN & HAMILTON LLP


                                        By: /s/ *David H. Botter*
                                            David H. Botter
                                            Thomas S. Kessler
                                            One Liberty Plaza
                                            New York, New York 10006
                                            T: 212-225-2000
                                            F: 212-225-3999
                                            (dbotter@cgsh.com)
                                            (tkessler@cgsh.com)


                                            *Attorneys for the Foreign Representative*
                                            *of Mega Newco Limited*

## Exhibit 1

**Proposed Order**

David H. Botter
Thomas S. Kessler
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999

*Counsel to the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| Mega Newco Limited,[1] | Case No. 24-12031 (MEW) |
| Debtor in a Foreign Proceeding | |

**ORDER GRANTING THE (I) RECOGNITION**
**OF FOREIGN PROCEEDING, (II) RECOGNITION OF**
**FOREIGN REPRESENTATIVE AND (III) MOTION OF FOREIGN**
**REPRESENTATIVE TO EXTEND SECTION 362(A) STAY TO NON-DEBTOR**

Upon consideration of the verified petition (ECF No. 2, the "Verified Petition") and the

*Supplemental Motion to the Verified Petition for Order Extending the Automatic Stay to Non-*

*Debtors*[2] (the "Supplemental Motion" together with the Verified Petition, the "Motions") filed by

Mr. Ignacio Javier Gonzalez Delgadillo as foreign representative (the "Petitioner"), in the above-

captioned Chapter 15 case (the "Chapter 15 Case") in respect of the Mega Newco Limited ("Mega

or "Debtor") in the scheme of arrangement proceeding (the "English Scheme Proceeding") in the

High Court Of Justice Business And Property Courts Of England And Wales (the "English Court")

---

[1]       The last four identifying digits of the registered number are 6024 and with registered address at First Floor Templeback, 10 Temple Back, Bristol, BS1 6FL, United Kingdom.
[2]       Capitalized terms not defined herein shall have the meanings ascribed to them in the Motions.

pursuant to Part 26 of the Companies Act 2006, as modified (the "Companies Act") for entry of a

final order (this "Order") pursuant to sections 105(a), 1507, 1509(b), 1515, 1517, 1520(a) and

1521(a)(1)–(2) of title 11 of the United States Code, 11 U.S.C. sections 101, *et seq*. (the

"Bankruptcy Code") (i) granting recognition of the English Scheme Proceeding as a "foreign main

proceeding" of the Debtor, (ii) finding that the Foreign Representative is the duly appointed

"foreign representative" of the Debtor within the meaning of section 101(24) of the Bankruptcy

Code and that the Foreign Representative is authorized to act on behalf of the Debtor for purposes

of the Chapter 15 Case, (iii) entrusting the Foreign Representative with the power to administer,

realize, and distribute all assets of the Debtor within the territorial jurisdiction of the United States

and, (iv) extending the automatic stay to Mega, Operadora De Servicios Mega, S.A. De C.V.,

Sofom, E.R. (the "Parent") with respect to any liability arising directly or indirectly out of or in

relation to the Existing Notes; and this Court having reviewed the Motions and the statements of

counsel with respect to the Motions at a hearing before this Court (the "Hearing"); and all

objections to the Motions (if any) having been withdrawn or overruled; and this Court having

determined that the legal and factual bases set forth in the Motions and all other pleadings and

papers in this case establish just cause to grant the relief ordered herein, and after due deliberation

therefor,

## THIS COURT HEREBY FINDS AND DETERMINES THAT:

1.        The findings and conclusions set forth herein constitute this Court's findings of

fact and conclusions of law pursuant to Bankruptcy Rule 7052 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), made applicable to this proceeding pursuant to Bankruptcy

Rule 9014.  To the extent any of the following findings of fact constitute conclusions of law, they

are adopted as such.  To the extent any of the following conclusions of law constitute findings of

fact, they are adopted as such.

2.          The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157

and 1334 and the Amended Standing Order of Reference from the United States District Court for

the Southern District of New York.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P)

and this Court has the statutory and constitutional authority to issue a final ruling with respect to

this matter.  Venue for this proceeding is proper before this Court pursuant to 28 U.S.C. § 1410.

3.          The Petitioner is the duly appointed "foreign representative" of the Debtor

within the meaning of section 101(24) of the Bankruptcy Code and has standing to make the

requests set forth in the Motions.

4.          The Debtor has property located in this District, and therefore, the Debtor is

"eligible" to be a debtor in this Chapter 15 Case pursuant to sections 109 and 1501 of the

Bankruptcy Code.

5.          The Chapter 15 Case was properly commenced pursuant to sections 1504, 1509

and 1515 of the Bankruptcy Code, and the Petitioner has complied with section 1515.

6.          Due, sufficient, timely, and proper notice of the Motions and Hearing have been

provided in accordance with the *Order Pursuant to Federal Rules of Bankruptcy Procedures 2002*

*and 9007 Scheduling Hearing and Specifying Form and Manner of Service and Notice*, ECF No.

7 (the "Scheduling Order") and in compliance with the requirements of Bankruptcy Rule 2002(q),

and no other or further notice need be provided.

7.          The English Scheme Proceeding is a "foreign proceeding" within the meaning

of section 101(23) of the Bankruptcy Code.

8.      The English Scheme Proceeding is entitled to recognition by this Court pursuant to section 1517 of the Bankruptcy Code.

9.      England and Wales is the center of main interests of the Debtor, and, accordingly, the English Scheme Proceeding is a "foreign main proceeding" within the meaning of section 1502(4) of the Bankruptcy Code and is entitled to recognition as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code.

10.     The Petitioner and the Debtor, as applicable, are entitled to the relief available pursuant to section 1520 of the Bankruptcy Code and to additional assistance and discretionary relief pursuant to sections 1507 and 1521(a) of the Bankruptcy Code, to the extent set forth in this Order and subject to the limitations set forth in this Order.

11.     The injunctive relief set forth in this Order is appropriate and necessary to prevent the risk that the English Scheme Proceeding may be thwarted by the actions of particular creditors, a result inimical to the purposes of Chapter 15 of the Bankruptcy Code as set forth in section 1501(a) of the Bankruptcy Code.  Such actions could put in peril the Debtor's ability to successfully restructure.

12.     Each of the injunctions contained in this Order (i) is within the Court's jurisdiction, (ii) is necessary and appropriate to the success of the English Scheme Proceeding, (iii) confers material benefits on, and is in the best interests of the Debtor, and its creditors, and (iv) is important to the overall objectives of the Debtor's restructuring.

13.     Failure to extend the automatic stay to the Parent would cause immediate adverse consequences to the Chapter 15 Case and the English Scheme Proceeding.

14.     Extension of the Automatic stay to the Parent is warranted as it is an "unusual circumstance" as Mega is the sole guarantor of the Parent's liabilities subject to the English

Scheme Proceeding. For these reasons, the granting of the extension of the automatic stay is necessary to avoid irreparable harm to Mega and creation of claims against Mega.

15.     The legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein.

16.     The relief sought by the Motions will not cause undue hardship or inconvenience to any party in interest and, to the extent that any hardship or inconvenience may result to such parties, it is outweighed by the benefits of the relief requested to Mega, its estate, creditors, and all parties in interest.

17.     The relief granted herein is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, and warranted pursuant to sections 105, 362, 1504, 1507, 1509, 1515, 1517, 1520, 1521 and 1525 of the Bankruptcy Code.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1.     The petition for recognition, extension of the automatic stay to the non-debtor parent and other relief requested in the Motions are hereby granted, and any objections or responses thereto that have not been withdrawn or resolved are overruled with prejudice.

2.     The Petitioner is the duly appointed "foreign representative" of the Debtor within the meaning of section 101(24) of the Bankruptcy Code and is authorized to act on behalf of the Debtor in the Chapter 15 Case.

3.     The English Scheme Proceeding is granted recognition as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code.

4.     All relief and protection afforded to a foreign main proceeding pursuant to section 1520 of the Bankruptcy Code is hereby granted to the English Scheme Proceeding, the Debtor, the Debtor's assets located within the territorial jurisdiction of the United States, as applicable,

including the application of section 362 of the Bankruptcy Code, which bars actions against the Debtor and/or property of the Debtor located within the territorial jurisdiction of the United States. The Foreign Representative is entitled to the protections contained in sections 306 and 1510 of the Bankruptcy Code.

5.      To the extent not provided by section 1520 of the Bankruptcy Code, all creditors of the Debtor are enjoined pursuant to section 1521 of the Bankruptcy Code from (i) disposing of or otherwise taking any action against any property of the Debtor located within the territorial jurisdiction of the United States and (ii) taking any action to obtain possession of or exercise control over any property of the Debtor located within the territorial jurisdiction of the United States, in each case, subject to enforcement actions taken under the New Notes issued as part of the Scheme.

6.      The automatic stay is applicable to the Parent and its assets located within the territorial jurisdiction of the United States, pursuant to sections 105(a), 362(a), 1520, and 1521 of the Bankruptcy Code, with respect to any liability arising directly or indirectly out of or in relation to the Existing Notes.

7.      Notwithstanding any provision in the Bankruptcy Rules to the contrary: (a) this Order shall be effective immediately and enforceable upon entry; (b) other than as expressly provided in this Order, the Petitioner is not subject to any stay of the implementation, enforcement, or realization of the relief granted in this Order; and (c) the Petitioner is authorized and empowered, and may, in his discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of the Scheme and this Order, including using or disposing of any of Mega's assets located in the territorial jurisdiction of the United States.

8.      A copy of this Order, confirmed to be true and correct, shall be served, within seven

business days of entry of this Order, in accordance with this Court's Scheduling Order, with such

service being good and sufficient service and adequate notice for all purposes.

9.      This Court shall retain jurisdiction with respect to all matters arising from or

relating to the interpretation, implementation, enforcement, amendment, or modification of this

Order.

Dated: New York, New York
       _____, 2025


_____
THE HON. MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE