UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Mega Newco Limited,[1]<br><br>   Debtor in a Foreign Proceeding | Chapter 15<br><br>Case No. 24-12031 (MEW) |

**ORDER GRANTING
(I) RECOGNITION OF FOREIGN PROCEEDING,
(II) RECOGNITION OF FOREIGN REPRESENTATIVE, (III) RECOGNITION
OF SANCTION ORDER AND RELATED SCHEME WITH MODIFICATIONS
AND (IV) RELATED RELIEF UNDER CHAPTER 15 OF THE BANKRUPTCY CODE**

Upon the verified petition (the "Verified Petition")[2] of Mr. Ignacio Javier Gonzalez Delgadillo as foreign representative (the "Petitioner"), in the above-captioned Chapter 15 case (the "Chapter 15 Case") in respect of Mega Newco Limited ("Mega" or "Debtor") in the scheme of arrangement proceeding (the "English Scheme Proceeding") in the High Court Of Justice Business And Property Courts Of England and Wales (the "English Court") pursuant to Part 26 of the Companies Act 2006, as modified (the "Companies Act") for entry of a final order (this "Order"), pursuant to sections 105(a), 1507, 1509(b), 1515, 1517, 1520(a) and 1521(a)(1)–(2) of title 11 of the United States Code, 11 U.S.C. sections 101, *et seq*. (the "Bankruptcy Code") (i) granting recognition of the English Scheme Proceeding as a "foreign main proceeding" of the Debtor (ii) finding that the Foreign Representative is the duly appointed "foreign representative" of the Debtor within the meaning of section 101(24) of the Bankruptcy Code and that the Foreign Representative is authorized to act on behalf of the Debtor for purposes of the Chapter 15 Case; (iii) entrusting

---

[1]    The last four identifying digits of the registered number are 6024 and with registered address at First Floor Templeback, 10 Temple Back, Bristol, BS1 6FL, United Kingdom.

[2]    Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Verified Petition

the Foreign Representative with the power to administer, realize, and distribute all assets of the Debtor within the territorial jurisdiction of the United States; (iv) recognizing and granting full force and effect within the territorial jurisdiction of the United States to the Scheme and the English Sanction Order and granting certain related relief, (v) authorizing the Authorized Parties to take any and all actions necessary to give effect to the terms of the Scheme and transactions contemplated thereby, including certain related relief, (vi) exculpating and releasing the Released Parties from any liability for any action or inaction taken in furtherance of, and/or in accordance with this Order or the Scheme, except for any liability arising from any action or inaction constituting gross negligence or fraud, in each case as finally determined by this Court, and (vii) granting such other relief as the Court deems just and proper; and this Court having reviewed the Verified Petition, the statements of counsel with respect to the Verified Petition and the declarations and other materials admitted into evidence at a hearing before this Court (the "Hearing") that was held on February 7, 2025; and no objections to the requested relief having been filed or made at the Hearing; and the Court having determined that the legal and factual bases set forth in the Verified Petition and all other pleadings and papers in this case establish just cause to grant the related relief ordered herein, for the reasons and based on the considerations explained on the record at the conclusion of the Hearing; and after due deliberation therefor,

**THIS COURT HEREBY FINDS AND DETERMINES THAT**:

A.  The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they

are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P) and this Court has the statutory and constitutional authority to issue a final ruling with respect to this matter. Venue for this proceeding is proper before this Court pursuant to 28 U.S.C. § 1410.

C.      The Petitioner is the duly appointed "foreign representative" of the Debtor within the meaning of section 101(24) of the Bankruptcy Code and has standing to make the requests set forth in the Verified Petition.

D.      The Debtor has property located in this District, and therefore, the Debtor is "eligible" to be a debtor in this Chapter 15 Case pursuant to sections 109 and 1501 of the Bankruptcy Code.

E.      The Chapter 15 Case was properly commenced pursuant to sections 1504, 1509 and 1515 of the Bankruptcy Code, and the Petitioner has complied with section 1515.

F.      Due, sufficient, timely and proper notice of the Verified Petition and Hearing have been provided in accordance with the *Order Pursuant to Federal Rules of Bankruptcy Procedures 2002 and 9007 Scheduling Hearing and Specifying Form and Manner of Service and Notice*, ECF No. 7 (the "Scheduling Order") and in compliance with the requirements of Bankruptcy Rule 2002(q), and no other or further notice need be provided.

G.      The English Scheme Proceeding is a "foreign proceeding" within the meaning of section 101(23) of the Bankruptcy Code.

H.      The English Scheme Proceeding, with modifications provided herein, is entitled to recognition by this Court pursuant to section 1517 of the Bankruptcy Code.

I.      England and Wales is the center of main interests of the Debtor, and, accordingly, the English Scheme Proceeding is a "foreign main proceeding" within the meaning of section 1502(4) of the Bankruptcy Code and is entitled to recognition as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code.

J.      The Petitioner and the Debtor, as applicable, are entitled to the relief available pursuant to section 1520 of the Bankruptcy Code and to additional assistance and discretionary relief pursuant to sections 1507 and 1521(a) of the Bankruptcy Code, to the extent set forth in this Order and subject to the limitations set forth in this Order.

K.      The injunctive relief set forth in this Order is appropriate and necessary to prevent the risk that the English Scheme Proceeding may be thwarted by the actions of particular creditors, a result inimical to the purposes of Chapter 15 of the Bankruptcy Code as set forth in section 1501(a) of the Bankruptcy Code.  Such actions could put in peril the Debtor's ability to successfully restructure.

L.      Each of the injunctions contained in this Order (i) is within the Court's jurisdiction, (ii) is necessary and appropriate to the success of the English Scheme Proceeding, (iii) confers material benefits on, and is in the best interests of the Debtor, and its creditors, and (iv) is important to the overall objectives of the Debtor's restructuring.

M.      The terms of the Scheme, and the process for solicitation of consents to and confirmation of the Scheme, in each case before the English Court, provided creditors and parties in interest with appropriate due process and were not manifestly contrary to U.S. public policy.

N.  The Petitioner and the English Court are entitled to the Court's cooperation under section 1525(a) in implementing the Scheme in the form of relief granted by this Order on the terms provided herein.

O.  The relief granted hereby (a) is essential to the success of the English Scheme Proceeding and Scheme, including, without limitation, because the Scheme requires entry of this Order, (b) is an integral element of the English Scheme Proceeding and the Scheme, and is integral to their effectuation and (c) confers material benefits on and is in the best interest of the Debtor, its creditors, and parties in interest.

P.  The relief sought by the Verified Petition will not cause undue hardship or inconvenience to any party in interest and, to the extent that any hardship or inconvenience may result to such parties, it is outweighed by the benefits of the relief requested to Mega, its estate, creditors and all parties in interest.

Q.  The relief granted herein is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, and warranted pursuant to sections 105, 362, 1504, 1507, 1509, 1515, 1517, 1520, 1521 and 1525 of the Bankruptcy Code.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1.  The petition for recognition and other relief requested in the Verified Petition are hereby granted, with modifications provided herein, and any objections or responses thereto that have not been withdrawn or resolved are overruled with prejudice.

2.  The Petitioner is the duly appointed "foreign representative" of the Debtor within the meaning of section 101(24) of the Bankruptcy Code and is authorized to act on behalf of the Debtor in the Chapter 15 Case.

3.     The English Scheme Proceeding is granted recognition as a foreign main proceeding of the Debtor pursuant to section 1517 of the Bankruptcy Code.

4.     All relief and protection afforded to a foreign main proceeding pursuant to section 1520 of the Bankruptcy Code is hereby granted to the English Scheme Proceeding, the Debtor, the Debtor's assets located within the territorial jurisdiction of the United States, as applicable, including the application of section 362 of the Bankruptcy Code, which bars actions against the Debtor and/or property of the Debtor located within the territorial jurisdiction of the United States; *provided, however,* that the application of section 362 shall be subject to the limitations set forth in paragraph 16 of this Order. The Foreign Representative is entitled to the protections contained in sections 306 and 1510 of the Bankruptcy Code.

5.     [Reserved]

6.     Subject to the terms of this Order, the Sanction Order and the Scheme (and all exhibits and annexes to the Scheme), including, for the avoidance of doubt and subject, as applicable, to the occurrence of the Restructuring Effective Date, the releases of Mega and the Parent, in each case as set forth in the Scheme and the Deed of Release, as modified, and confirmed by the Sanction Order, but modified to be solely with respect to any liability arising directly or indirectly out of or in relation to the Existing Notes, any amendments and modifications to the Scheme (solely to the extent made in accordance with the terms thereof) and all annexes to the Scheme (subject to all terms, conditions, and limitations set forth therein) are hereby recognized, granted comity, and given full force and effect within the territorial jurisdiction of the United States and for purposes of U.S. law to the same extent that they are given effect in England and Wales, and each is binding, including on all creditors of Mega and any of their respective successors and

6

assigns, shareholders, and any other holders of claims or interests in the Debtor and any of their successors or assigns and all persons having notice of the Verified Petition.

7.  The Petitioner is authorized to carry out any and all ministerial actions that are required of him to effectuate the Scheme or that are otherwise necessary and appropriate to consummate the Scheme and not inconsistent with the Scheme or the terms hereof.

8.  Subject to paragraphs 10 through 16 of this Order, from and after the Scheme Effective Date, all entities (as that term is defined in section 101(15) of the Bankruptcy Code), including all creditors, shareholders, and any other holders of claims against or interests in Mega, subject to this Court's jurisdiction are permanently enjoined from (i) commencing, continuing or taking any action that is in contravention with, inconsistent with or would interfere with or impede the administration, implementation and/or consummation of the Scheme, the Sanction Order or the terms of this Order, (ii) taking any action against the Debtor, the Parent or their property located in the territorial jurisdiction of the United States to recover or offset any debt or claims that are extinguished, novated, cancelled, discharged or released under the Scheme and the Sanction Order or the terms of this Order, (iii) taking or continuing any act to create, perfect, or enforce a lien or other security interest, set off, or other claim against the Debtor, the Parent or any of their property, in each case, with respect to the Existing Notes, and (iv) commencing, continuing or taking any action, including, without limitation, commencing or continuing any action or legal, judicial, administrative, regulatory or similar proceeding or seeking discovery in connection therewith, whether directly or by way of counterclaim, to recover or offset any debt or claims, in each case, that are extinguished, novated, cancelled, discharged or released under the Scheme, the Sanction Order or the terms of this Order, against (x) Mega or its respective property located in the territorial jurisdiction of the United States, (y) the Parent or its respective property located in the territorial

7

jurisdiction of the United States, as released in each case as set forth in the Scheme and the Deed of Release, as modified, and confirmed by the Sanction Order, but modified to be solely with respect to any liability arising directly or indirectly out of or in relation to the Existing Notes; *provided* that, for the avoidance of doubt, the foregoing shall not enjoin or otherwise prevent any party from (a) enforcing the Scheme, which remains fully enforceable against all applicable parties, according to its respective terms, (b) subject to the terms of the Sanction Order, pursuing any rights or remedies granted to that entity pursuant to the Scheme according to its respective terms and (c) pursuing any rights or remedies granted to that entity pursuant to the New Notes and the rights and obligations set forth in such agreements and instruments described in this clause (c) shall not be canceled, compromised, impaired, or otherwise modified by the terms of this Order. No action may be taken within the territorial jurisdiction of the United States to confirm or enforce any award or judgement that would otherwise be in violation of this Order without first obtaining leave of this Court.

9. In no event shall this Order prevent the implementation of any amendments or modification to the Scheme or the New Notes that may be agreed upon by and among Mega, the Parent and the applicable creditors and approved by the English Court (or as otherwise permitted under applicable law). Nothing in this Order or otherwise any aspect of this Chapter 15 Case shall confer jurisdiction on this Court or any other court of the United States, or any State or other jurisdiction therein, with respect to the New Notes.

10. Subject to paragraph 18 of this Order and without prejudice to the validity of any other releases granted by the Scheme and the Deed of Release pursuant to the laws of England and Wales, solely the releases of Mega and the Parent, in each case as set forth in the Scheme and the Deed of Release, as modified, and confirmed by the Sanction Order, but modified to be solely with

respect to any liability arising directly or indirectly out of or in relation to the Existing Notes, shall be granted comity and shall be enforced in the United States on the terms set forth therein, including as to timing of effectiveness of the same. Accordingly, subject to paragraphs 15 and 16 of this Order, following the Scheme Effective Date, the assertion in the territorial jurisdiction of the United States of any claim against Mega or the Parent based on or arising out of the Existing Notes is barred. The proposed terms of the releases as set forth in the Scheme and the Deed of Release are attached hereto as <u>Exhibit C</u> and <u>Exhibit G</u>.

11. For the avoidance of doubt, nothing in this Order shall, or shall be deemed to, give force and effect to Section 6.1 of the Scheme in the territorial jurisdiction of the United States in respect of any person other than Mega and the Parent subject to paragraph 18 of this Order and without prejudice to the validity of any other releases granted by the Scheme or the Deed of Release pursuant to the laws of England and Wales.

12. Mega, the Parent, Wilmington Trust, National Association (the "<u>Existing Notes Trustee</u>"), CiBanco, S.A., Institución de Banca Múltiple, Kroll Issuer Services Limited, UMB Bank, N.A., and the Depository Trust Company ("<u>DTC</u>", together the "<u>Authorized Parties</u>") are authorized to take any and all lawful actions necessary to give effect to and implement the Scheme and the Sanction Order and the transactions contemplated thereunder, including, without limitation, cancellation and discharge of the Existing Notes, subject to the terms and conditions of the documents under which they have been appointed to act. Further, the Authorized Parties are hereby authorized to take any other lawful action as instructed by, and at the expense of, the Debtor that may be necessary to cancel the Existing Notes.

13. Subject to the continuing effectiveness of the Scheme and Sanction Order as of and from the Restructuring Effective Date the Scheme Creditor's claims and rights related to the

9

Existing Notes shall be deemed satisfied, discharged, and cancelled automatically and of no further force or effect, *provided however* that nothing in this Order shall affect any contractual indemnification rights of the Authorized Parties pursuant to the terms of the Existing Notes Indenture. Upon cancellation of the Existing Notes, all remaining positions on account of the Existing Notes on the books and records of the Existing Notes Trustee and DTC shall be terminated.

14. The Existing Notes Trustee, including their agents, attorneys, successors and assigns, are authorized and directed to provide DTC with the customary documentation accepted by it, as applicable, in order to cancel and remove the Existing Notes from DTC's records, as contemplated by the Scheme.

15. Mega and the Parent shall incur no liability and be released from any liability for any action or inaction taken in furtherance of this Order, except for any liability arising from any action or inaction constituting gross negligence, actual fraud, or willful misconduct as in each case as finally determined by this Court.

16. Notwithstanding any other provision of this Order the injunctions granted herein shall not be effective until the occurrence of the Scheme Effective Date, and nothing herein shall enjoin any of the following matters:

   a) any action by any person or entity in the English Scheme Proceeding that is consistent with English law, including appeals in England and Wales related thereto;

   b) the pursuit by any person or entity of any rights or remedies granted to that entity pursuant to the Scheme or the enforcement of any terms of the Scheme and the Sanction Order;

    c) any action or transaction that is permitted under the terms of the Scheme and the Sanction Order;

    d) the implementation and enforcement of any agreement contemplated by and entered into in connection with the Scheme;

    e) the implementation or enforcement of any agreement by and between the Issuer and any person or entity that is not a Scheme Creditor or that is not otherwise a releasing party pursuant to the Deed of Release; or

    f) the pursuit by any person or entity of any rights or remedies granted to that entity pursuant to the New Notes.

17.     Mega and the Parent are authorized to use any property and to continue operating any businesses within the territorial jurisdiction of the United States.

18.     For the avoidance of doubt, nothing in this Order impairs or affects Mega or the Foreign Representative from seeking further relief from the Court in furtherance of the Scheme, as to which all parties' rights and defenses are preserved.

19.     No action taken by the Foreign Representative in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of the Scheme or any order entered in this Chapter 15 Case or in any adversary proceedings or contested matters in connection therewith, shall be deemed to constitute a waiver of the immunity afforded the Foreign Representative pursuant to sections 306 and 1510 of the Bankruptcy Code.

20.     Notwithstanding any provision in the Bankruptcy Rules to the contrary: (a) this Order shall be effective immediately and enforceable upon entry; (b) other than as expressly provided in this Order, the Petitioner is not subject to any stay of the implementation, enforcement, or realization of the relief granted in this Order; and (c) the Petitioner is authorized and empowered,

and may, in his discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of the Scheme and this Order.

21. A copy of this Order, confirmed to be true and correct, shall be served, within seven business days of entry of this Order, in accordance with this Court's Scheduling Order, with such service being good and sufficient service and adequate notice for all purposes.

22. This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation, implementation, enforcement, amendment or modification of this Order.

Dated: New York, New York
       February 7, 2025

                                             s/Michael E. Wiles
                                             THE HON. MICHAEL E. WILES
                                             UNITED STATES BANKRUPTCY JUDGE